UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SCOTT PUTNAM, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | NO. C17-5670-JPD <br><br><br> ORDER |

Plaintiff Scott Putnam appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

I. FACTS AND PROCEDURAL HISTORY

At the time of the administrative hearing, Plaintiff was a 33-year-old man with an 11th-grader education. Administrative Record ("AR") at 43. His past work experience includes employment as a laborer and valet. AR at 344. Plaintiff was last gainfully employed in 2010. AR at 19, 45, 263.

ORDER - 1

In September 2013, Plaintiff protectively filed an application for DIB, alleging an onset date of December 25, 2007.[1] AR at 112, 251-54. Plaintiff asserts that he is disabled due to a back injury and numbness in his right leg. AR at 335, 366.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 148-54, 157-61. Plaintiff requested a hearing, which took place on July 10, 2015. AR at 38-69. On February 2, 2016, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 16-29. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-7, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On August 25, 2017, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II.  JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.  STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750

---

[1] At the hearing, Plaintiff amended his alleged onset date to April 13, 2009. AR at 16.

(9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. EVALUATING DISABILITY

As the claimant, Mr. Putnam bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step one asks whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R.

§§ 404.1520(b), 416.920(b).[2] If he is, disability benefits are denied. If he is not, the Commissioner proceeds to step two. At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities. If the claimant does not have such impairments, he is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations. 20 C.F.R. §§ 404.1520(d), 416.920(d). A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled. *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit. 20 C.F.R. § 404.1572.

ORDER - 4

V.  DECISION BELOW

On February 2, 2016, the ALJ issued a decision finding the following:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2014.

2. The claimant did not engaged in substantial gainful activity during the period from the date he can first be found disabled, May 3, 2011.

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the lumbar spine, obesity, and a congenital deformity of the hand.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he could only perform frequent squatting and kneeling. The claimant could perform frequent reaching, handling, and fingering with the bilateral upper extremities. He could perform occasional twisting, bending, and stooping and occasional overhead reaching with the bilateral upper extremities. The claimant could crawl and be exposed to vibrations, seldom (less than 10 percent of the time).

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was born on XXXXX, 1981, and was 32 years old, which is defined as a younger individual age 18-49, on the date last insured.[3]

8. The claimant has a limited education and is able to communicate in English.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there

---

[3] The actual date is deleted in accordance with Local Rule CR 5.2, W.D. Washington.

ORDER - 5

were jobs that existed in significant numbers in the national economy that the claimant could have performed.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from May 3, 2011, the alleged onset date, through March 31, 2014, the date last insured.

AR at 18-29.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in assessing Plaintiff's manipulative limitations; and

2. Whether the ALJ erred in discounting Plaintiff's subjective testimony.

Dkt. 10 at 1.

## VII. DISCUSSION

A. <u>The ALJ did not err in assessing Plaintiff's manipulative limitations.</u>

Plaintiff argues that the ALJ's RFC assessment fails to adequately account for his manipulative limitations: the ALJ found him capable of performing manipulative limitations on a frequent basis, but he contends that he should have been found more limited.

The "final responsibility" for decision issues such as an individual's RFC "is reserved to the Commissioner." Social Security Ruling ("SSR") 96-5p, 1996 WL 374183, at *2 (Jul. 2, 1996). *Accord* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), 404.1546(c), 416.946(c). That responsibility includes "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Social Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)). An RFC finding need not directly correspond to a specific medical opinion. *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ may incorporate the opinions of a physician by assessing RFC limitations entirely consistent with, but not identical to limitations assessed by the physician. *See Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1222-23 (9th Cir. 2010).

ORDER - 6

Plaintiff suffered injuries in a fireworks incident on July 4, 1998. *See* AR at 460, 1369. The ALJ found that Plaintiff's "congenital deformity of the hand" was a severe impairment at step two. AR at 19, 21. The ALJ found that Plaintiff could perform manipulative activities at the frequent level, in light of medical opinions indicating the same as well as Plaintiff's daily activities (specifically driving a car with manual transmission, painting motor engine parts, cooking, cleaning, vacuuming, laundering, shopping, and lifting 35 pounds) and his work history at the medium-to-heavy level. AR at 23-24.

Plaintiff points to other evidence in the record that he claims suggests that he could not perform manipulative activities at the frequent level, specifically dexterity testing performed by a physical therapist. Dkt. 10 at 3-4. He also argues that his ability to perform medium-to-heavy work in the past has no bearing on his ability to perform manipulative activities because his past jobs did not involve any "fine manipulation and dexterity necessary to perform sedentary or light work." Dkt. 10 at 4. Plaintiff also argues that his ability to drive a car with a manual transmission does not implicate use of his left (injured) hand, that using a bottle of spray paint on one occasion does not implicate his left (non-dominant) hand, and that lifting 35 pounds does not constitute a manipulative activity. Dkt. 10 at 5.

Plaintiff has failed to show that the ALJ erred in assessing the extent of his manipulative limitations. The dexterity testing performed by a physical therapist cited by Plaintiff was acknowledged by the ALJ (AR at 24), and this physical therapist indicated repeatedly that Plaintiff could perform fine manipulation at the frequent level. AR at 517, 522, 523, 529-31, 544. This evidence is consistent with the ALJ's RFC assessment, and does not therefore support Plaintiff's argument that the ALJ erred in assessing his manipulative limitations.

Furthermore, as cited by the ALJ, examining physician Lisa Garrison, M.D., addressed Plaintiff's manipulative limitations, and opined that he could perform manipulative activities at the frequent level. *See* AR at 463-64. Although Plaintiff posits that it is "absurd on its face" to find that he could perform manipulative activities on a frequent basis despite his injuries, the medical opinion evidence indicates otherwise and constitutes substantial evidence supporting the ALJ's RFC assessment.[4]

Even if Plaintiff is correct that some of the activities cited by the ALJ do not reasonably bear on his ability to perform manipulative activities, any error is harmless as to certain activities is harmless because, as discussed *supra*, the ALJ's RFC assessment is supported by substantial evidence. Notably, Plaintiff did not challenge all of the activities cited by the ALJ, such as cooking, cleaning, vacuuming, doing laundry, and shopping. *See* AR at 23.

B.  <u>The ALJ did not err in discounting Plaintiff's subjective testimony.</u>

The ALJ discounted Plaintiff's subjective testimony for three primary reasons: (1) his daily activities and medical record suggest he can perform light work and frequent manipulative activities; (2) he uses a cane without medical necessity or a prescription; and (3) Plaintiff takes only over-the-counter pain medications. AR at 23-27. Plaintiff argues that the ALJ's reasoning was legally insufficient.

---

[4] Plaintiff also argues that the ALJ erred in failing to fully develop the record regarding his manipulative limitations because "at the time of the hearing, there was virtually no medical evidence directly evaluating plaintiff's functional capacity with his left hand." Dkt. 10 at 15. As explained herein, both Dr. Garrison and Plaintiff's physical therapist performed testing and concluded that Plaintiff could perform manipulative activities on a frequent basis. Although Plaintiff posits that further development of the record is possible, he has not shown that the ALJ's interpretation of the medical evidence is unreasonable or that the record as currently constituted is inadequate to allow the ALJ to assess Plaintiff's manipulative limitations. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.").

1. *Legal standards*

As noted above, it is the province of the ALJ to determine what weight should be afforded to a claimant's testimony, and this determination will not be disturbed unless it is not supported by substantial evidence. A determination of whether to accept a claimant's subjective symptom testimony requires a two-step analysis. 20 C.F.R. §§ 404.1529, 416.929; *Smolen*, 80 F.3d at 1281. First, the ALJ must determine whether there is a medically determinable impairment that reasonably could be expected to cause the claimant's symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b); *Smolen*, 80 F.3d at 1281-82. Once a claimant produces medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms solely because they are unsupported by objective medical evidence. *Bunnell v. Sullivan*, 947 F.2d 341, 343 (9th Cir. 1991) (en banc); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1988). Absent affirmative evidence showing that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's testimony.[5] *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). *See also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007).

When evaluating a claimant's subjective symptom testimony, the ALJ must specifically identify what testimony is not credible and what evidence undermines the claimant's complaints; general findings are insufficient. *Smolen*, 80 F.3d at 1284; *Reddick*, 157 F.3d at

---

[5] In SSR 16-3p, the Social Security Administration rescinded SSR 96-7p, eliminated the term "credibility" from its sub-regulatory policy, clarified that "subjective symptom evaluation is not an examination of an individual's character[,]" and indicated it would more "more closely follow [its] regulatory language regarding symptom evaluation." SSR 16-3p. However, this change is effective March 28, 2016, and not applicable to the February 2016 ALJ decision in this case. The Court, moreover, continues to cite to relevant case law utilizing the term credibility.

ORDER - 9

722. The ALJ may consider "ordinary techniques of credibility evaluation," including a claimant's reputation for truthfulness, inconsistencies in testimony or between testimony and conduct, daily activities, work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Thomas*, 278 F.3d at 958-59 (citing *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997)).

2. *Specificity*

Plaintiff suggests that the ALJ's reasoning is inadequate because she did not identify which testimony she found credible and which testimony was undermined by which evidence. Dkt. 10 at 9. Plaintiff is mistaken. The ALJ explained that she credited Plaintiff's testimony regarding some limitations in exertional and postural activities, as well as environmental conditions, but that his testimony regarding limitations that would preclude light work and/or frequent manipulative activities was inconsistent with the medical evidence and Plaintiff's activities. AR 23-24. The ALJ also noted that Plaintiff testified that he required the use of a cane, but that there was no medical evidence supporting this necessity and no prescription for a cane in the medical record. AR at 23. The ALJ also found that Plaintiff's use of over-the-counter pain medication undermines testimony regarding limitations caused by pain. AR at 22-23. These findings are sufficiently specific; the ALJ did not "simply reject plaintiff's testimony out of hand," as Plaintiff alleges. Dkt. 10 at 9.

3. *Work history*

The ALJ noted that Plaintiff worked after the alleged onset date, and cited that work activity as undermining testimony. AR at 23. Plaintiff argues that his minimal work activity after the alleged onset date could not reflect adversely on his testimony, focusing on the fact

that he could not have been paid benefits before March 31, 2011,[6] and therefore work predating this time is not inconsistent with his allegations. Dkt. 10 at 10. It may be true that Plaintiff could not have been paid benefits prior to May 3, 2011, due to an administratively final prior decision, but Plaintiff nonetheless alleged that he was unable to work as of April 13, 2009. Evidence that he worked after that date reasonably undermines his allegation that he could not work after that date. The ALJ did not Plaintiff's return to work in 2010 as evidence that he could perform that same work at the present time; the ALJ acknowledged that Plaintiff subsequently reinjured himself (AR at 19) and found that Plaintiff could not return to his prior work (AR at 27-28). Plaintiff has not shown that the ALJ's limited inference was unreasonable.

4.   *Activities*

The ALJ listed several activities that she found to be consistent with an ability to perform light work and frequent manipulative activities. *See* AR at 23-24. The ALJ did not identify how these activities either contradict Plaintiff's testimony or demonstrate the existence of transferable work skills, and therefore erred in relying on his activities to discount his testimony. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). This error is harmless, however, in light of the ALJ's other reasons to discount Plaintiff's testimony, which remain valid. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

5.   *Use of a cane*

A claimant's use of a cane that is not medically necessary is a clear and convincing

---

[6] Plaintiff refers to the wrong date: the earliest he could have been eligible for benefits is May 3, 2011. *See* AR at 19.

ORDER - 11

reason to discount a claimant's testimony. *See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (considering a claimant's use of an assistive device without clear medical indication as one valid credibility consideration). Plaintiff argues that he was not required to obtain a prescription to use a cane (Dkt. 10 at 13), but does not address whether the record shows that a cane was medically required. He has not established error in this line of the ALJ's reasoning.

    6.  *Characterization of surgery*

    Plaintiff objects to the ALJ's reference to his back surgeries as "relatively non-invasive laminectomies." AR at 23. Plaintiff argues that none of his procedures was "'non-invasive in any sense of the word[,]" and that the ALJ erred in relying on this characterization to discredit him. Dkt. 10 at 13. The ALJ did not rely on this characterization to discredit him, however, but pointed out how Plaintiff's providers consistently found him to be capable of performing at least light-level work after these surgeries. AR at 23. Plaintiff has not established prejudicial error in the ALJ's description of his back surgeries.

    7.  *Pain medication*

    The ALJ noted that Plaintiff testified that he only took over-the-counter ibuprofen to manage his pain, and inferred from that fact that his pain would not preclude him from performing a light job. AR at 23 (referencing AR at 50). Plaintiff emphasizes that he testified that he is allergic to two pain medications and that another does not relieve his pain, and that he is afraid to take pain medication because he fears feeling better and then reinjuring himself. *See* AR at 50. Plaintiff also argues that the ALJ erred in failing to acknowledge that he has taken stronger medications in the past. Dkt. 10 at 14.

    Plaintiff has not shown that the ALJ's inferences are unreasonable. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an

ORDER - 12

impairment"). Although Plaintiff offers an alternative interpretation of the evidence related to his pain medication use, he has not shown that the ALJ erred in finding that because he relied only on over-the-counter medication, his pain was not so severe as to preclude all work activity.

In sum, the ALJ provided many clear and convincing reasons to discount Plaintiff's subjective testimony, and any erroneous reasoning was harmless. Accordingly, the Court affirms the ALJ's assessment of Plaintiff's subjective statements.

## VIII. CONCLUSION

The role of this Court is limited. As noted above, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews*, 53 F.3d at 1039. When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Thomas,* 278 F.3d at 954. While it may be possible to evaluate the evidence as Plaintiff suggests, it is not possible to conclude that Plaintiff's interpretation is the only rational interpretation.

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision.

DATED this 20th day of April, 2018.

JAMES P. DONOHUE
United States Magistrate Judge